[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO ACCEPTBILL OF COSTS NO. 114
In the present zoning appeal, the plaintiff, Geri Hainsworth, alleges that on February 16, 1993, the defendant Zoning Board of Appeals of the Town of Monroe (Board) denied the plaintiff's application for a waiver of § 117-301A of the Town of Monroe's zoning regulations. On August 30, 1993, the plaintiff filed an amended appeal of the Board's denial. The court, Fuller, J., filed a memorandum of decision dismissing the plaintiff's appeal on December 22, 1993, holding that `[s]elf created hardship was a valid reason for the Board to deny the variance application."
Previously, the plaintiff brought a zoning appeal against the Zoning Board of Appeals of the Town of Monroe.[1] In that appeal, the plaintiff contested the issuance of a cease and desist order. By memorandum of decision dated September 29, 1993, the court, (Fuller, J.), dismissed that appeal. Thereafter, the Board moved for the acceptance of its bill of costs, which was objected to by the plaintiff on the ground that "no statutory authority exists for the taxation of costs in a zoning appeal." By memorandum of decision dated January 11, 1994, the court, (Pittman, J.), overruled the plaintiff's objection, stating that "[t]he plaintiff has not contested the amount of the costs sought to be taxed, only the authority of the court to tax them. There is no question that the court has such authority." (Memorandum of Decision dated January 1, 1994, p. 2).
In the present appeal, the Board has submitted a bill of costs in response to which the plaintiff has resurrected the identical objection that was overruled in the previous appeal between these two parties. CT Page 6824
DISCUSSION
"Collateral estoppel, or issue preclusion, is the doctrine that bars relitigation, in a second action between the same parties brought upon a different claim, of issues already determined in the first action." (Internal quotation marks omitted.) Rawling v. New Haven,206 Conn. 100, 110, 537 A.2d 439 (1988). "An issue is `actually litigated' if it is properly raised in the pleading, submitted for determination, and in fact determined." State v. Ball, 226 Conn. 265, 276,627 A.2d 892 (1993).
In the present appeal, the issue of whether the court is vested with the authority to tax costs in a zoning appeal was "actually litigated" in the previous appeal in favor of the Board.
The plaintiff's objection, No. 114, is therefore overruled.
LAWRENCE L. HAUSER, JUDGE